**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3650-17T4

GAIL FUNG,

     Plaintiff-Respondent,

v.

VARSITY TUTORS, LLC,

     Defendant-Appellant.

_____

Submitted April 8, 2019 – Decided April 25, 2019

Before Judges Messano, Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. SC-000355-18.

Ogletree, Deakins, Nash, Smoak & Stewart, PC, attorneys for appellant (Michael Nacchio, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this small claims special civil part case, defendant Varsity Tutors, LLC, appeals from a March 5, 2018 final judgment entered after a bench trial. Judge Joseph G. Monaghan conducted the trial, made credibility findings, and rendered an oral and written opinion. The judge believed plaintiff that she did not see or execute a purported agreement to arbitrate, considered all the evidence adduced at trial, and awarded plaintiff $1694.14 for unpaid services that she rendered as a tutor.

On appeal, defendant argues that (1) the judge erred by denying its motion to dismiss and compel arbitration; (2) the judge abused his discretion in denying defendant's adjournment request and motion for remote testimony; and (3) the judge's verdict was entered against the weight of the evidence.[1] We disagree and affirm.

I.

Plaintiff filed her complaint on February 8, 2018, and received a trial date for February 26, 2018. On February 22, 2018, defendant requested a thirty-day

_____

[1] Because defendant is appealing from a judgment entered after a bench trial, the correct standard of review is whether there exists sufficient evidence in the record to support the judge's findings. See Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974) (stating that in a "non-jury case," the judge's findings "should not be disturbed unless they are so wholly insupportable as to result in a denial of justice," and that the judge's findings are binding on appeal when "supported by adequate, substantial and credible evidence.")

A-3650-17T4

adjournment to March 26, 2018, or alternatively, a one-week adjournment to March 5, 2018. Although plaintiff objected – for medical issues – the judge nevertheless granted defendant's request and adjourned the trial for one-week, or until March 5, 2018.

On February 26, 2018, defendant filed a motion to dismiss the complaint, compel arbitration, or alternatively permit remote testimony. Because the return date of the motion was after the date of the adjournment, defendant requested the judge adjourn the trial for a second time. Defendant produced a certification of Christopher C. Swenson, defendant's vice president and general counsel, indicating he was unavailable to appear in court for the March 5, 2018 trial because he had to attend a meeting in Arizona. Plaintiff opposed defendant's motions, and on the subject of the arbitration, asserted that she never signed an agreement to arbitrate. The judge denied defendant's request for a second adjournment of the trial.

Before the trial started on March 5, 2018, defendant argued the merits of its motions to dismiss and compel arbitration, which the judge denied. As to the request to compel arbitration, the judged needed to take testimony from plaintiff, especially because of the contentions she raised in her opposition. The judge then started the trial.

II.

Defendant is a Missouri limited liability company that provides a live learning platform to connect tutors with students/clients for online and in-person tutoring. Plaintiff began working for defendant as a tutor, specializing in standardized testing, in October 2017. She was an independent contractor, and defendant provided opportunities for plaintiff to tutor students that fit her self-selected criteria in certain subjects. Plaintiff would bill and be paid at an hourly rate.

Plaintiff argued that defendant owed her a total $2301.11, from three outstanding invoices. After hearing plaintiff's testimony and considering the evidence presented, the judge found that plaintiff "proved her right to collection of two of the invoices which comes out to $1694.14." The judge noted that "[n]one of the payments [from defendant to plaintiff] match up for December payments in terms of the $1024.16 or the $669.98 being paid in December." Accordingly, the judge found that plaintiff proved that she was not paid for two of the three invoices: one invoice for $1024.16 and another for $669.98, totaling $1649.14.

## III.

We begin by addressing defendant's contention that the judge erred by denying its motion to compel arbitration. We exercise de novo review of a judge's decision on the enforceability of an arbitration clause. Morgan v. Sanford Brown Inst., 225 N.J. 289, 302-03 (2016). Whether an arbitration clause is enforceable is a legal issue; therefore, we afford no special deference to the judge's determination of that issue. Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013). Here, the judge made credibility findings as part of his decision to deny the motion.

Credibility is always for the factfinder (here, the judge) to determine. Ferdinand v. Agric. Ins. Co. of Watertown, N.Y., 22 N.J. 482, 492 (1956). "Appellate courts should defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Kuropchak, 221 N.J. 368, 382 (2015) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)). Our review is "limited to 'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record.'" Id. at 382-83 (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

A-3650-17T4

The judge found defendant failed to prove that plaintiff received or executed a contract with the arbitration clause. Thus, under basic contract principles, the judge determined that there was no valid contract, and consequently, no agreement to arbitrate. The judge reached this conclusion primarily based on his credibility findings. But the judge also found "plaintiff's testimony about not agreeing to [a]rbitration and not having a copy of the agreement to be both credible and consistent with the documentary evidence." In light of our deferential review, we decline to disturb the judge's credibility findings. We conclude that there exists sufficient credible evidence in the record to support the judge's findings.

IV.

The granting or denial of an adjournment is left to the discretion of the trial judge. Kosmowski v. Atlantic City Med. Ctr., 175 N.J. 568, 575 (2003). A judge abuses his discretion when his "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citation and internal quotation marks omitted). Rule 6:4-7(a), governing the special civil part, provides:

> All requests for adjournments of hearings, trials and complementary dispute resolution events shall be made

A-3650-17T4

to the clerk's office as soon as the need is known, but absent good cause for the delay not less than [five] days before the scheduled court event. Prior to contacting the clerk's office, the party requesting the adjournment shall notify the adversary that the request is going to be made and, except for requests made pursuant to paragraph (b) of this rule, shall then notify the clerk of the adversary's response. The court shall then decide the issue and, if granted, assign a new date. The requesting party shall notify the adversary of the court's response.

The judge granted defendant's first request, in which defendant suggested the one-week adjournment. In its letter requesting the first adjournment, defendant did not mention Swenson's required attendance at the meeting in Arizona, which had been scheduled for several months. Plaintiff objected to defendant's request for another adjournment. We conclude that the judge did not abuse his discretion – that is, his decision was not "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."

Defendant also argues that the judge incorrectly denied its motion for telephonic testimony of its witness, Swenson. The judge concluded that he would not be taking telephonic testimony and stated, "this whole case is going to turn on credibility and how does [plaintiff] have the opportunity to cross-examine effectively somebody who's on the phone in Tempe, Arizona?" In his

7

supplemental statement of reasons supporting the judgment, the judge further explained: "The [c]ourt noted that credibility would be an important factor in the case. The [c]ourt would be unable to assess credibility via telephonic testimony and, further, plaintiff would be deprived of the ability to conduct [a thorough] cross[-]examination."

In State v. Santos, 210 N.J. 129, 141 (2012), our Supreme Court articulated a two-part test for admitting telephonic testimony, which was distilled from Judge Pressler's opinion in Aqua Marine Products, Inc. v. Pathe Computer Control Systems, Corp., 229 N.J. Super. 264, 275 (App. Div. 1988):

> First, the court must determine whether the opposing party has consented to the testimony or whether there is a "special circumstance," also referred to as an "exigency," "compelling the taking of telephone testimony." Aqua Marine, 229 N.J. Super. at 275. Second, the court must be satisfied that "the witness' identity and credentials are known quantities" and that there is some "circumstantial voucher of the integrity of the testimony." Ibid.
>
> [Santos, 210 N.J. at 141.]

Moreover, "as the second part to the test implies, it poses substantial practical and logistical hurdles that an applicant seeking leave to present telephonic testimony must satisfy in order [to] meet the test's demand for preservation of the essential integrity of the testimony." Id. at 142.

As to the first prong of the <u>Aqua Marine</u> test, plaintiff did not consent to defendant presenting telephonic testimony. And there was no "special circumstance or exigency." Defendant's witness, Swenson, was unable to appear because he had to attend a meeting in Arizona. Defense counsel did not inform the court of this scheduling conflict when he requested his first adjournment. In his supplemental statement, the judge reasoned:

> Defendant failed to submit that Mr. Swenson was the only person – or even the most knowledgeable person – with information regarding plaintiff's work history with defendant. Mr. Swenson is corporate counsel for defendant and most of plaintiff's interactions and communications with defendant was through a Ms. Katherine Karzel. Ms. Karzel is, according to Mr. Swenson's Certification, defendant's Manager of Tutor Engagement. Defendant never offered to produce Ms. Karzel or any other witness in lieu of Mr. Swenson. Defendant never advised the [c]ourt that Ms. Karzel was unavailable or there was no one else from the defendant company familiar with plaintiff's work history.
>
> . . . In paragraph 7 of Mr. Swenson's Certification Mr. Swenson advised he would "investigate" plaintiff's complaints regarding outstanding invoices. Mr. Swenson did not allege to have more direct and specific knowledge of plaintiff's situation.

Moreover, the judge elaborated that,

> [e]verything about [Swenson's] [C]ertification is generally that's what we will do; we're going to arbitrate, we're going to make her come out to Missouri,

9

et cetera. But he does not say I have personal knowledge, I had a phone call with her, after the phone call we discussed this clause to the contract, she signed it, or anything else. He just says here's our working model, I have personal knowledge this is our general working model. That's what he's saying.

Importantly, we reiterate that the judge noted credibility was a primary factor and that he would be unable to assess Swenson's credibility by telephone, and that plaintiff would be unable to cross-examine Swenson effectively. Accordingly, we conclude that defendant failed to satisfy either prong under Aqua Marine, and the judge did not abuse his discretion when he denied defendant's request to present telephonic testimony.

V.

Finally, we conclude that there exists sufficient evidence in the record to support the judge's findings that defendant owed plaintiff $1694.14 for unpaid services that she rendered.

Defendant contends that plaintiff misrepresented her evidence of the invoices, and asserts that plaintiff's exhibits were not invoices but rather simply an "activity log" that accounted for plaintiff's activity and the hours that she billed. During the trial, when plaintiff offered the three outstanding invoices into evidence, defense counsel objected to the documents as hearsay and that they were not authenticated. The judge engaged in a colloquy with plaintiff and

10

asked her if the three documents were the alleged outstanding amounts owed to her. Plaintiff explained,

> [y]es, they're from me to the company and it's right off the company's website, you see the top of it, that's how we invoice the client and that's what [defendant] uses to pay us. It's on the [defendant's] website, we have to use it, so I was only able to get a snapshot of it because they had shut me down prior to. But I knew that I would need it if I was going to pursue trying to get money from them.

The judge overruled defense counsel's objection and admitted the documents into evidence. We see no abuse of discretion. Even if the documents were not technically "invoices," they accurately depicted plaintiff's activity on defendant's website and indicated the amount of hours that plaintiff billed and the amount owed to plaintiff. Furthermore, plaintiff's own independent testimony demonstrated the basis for the judge's findings as to the correct amount of unpaid services rendered.

Importantly, defense counsel conceded that defendant did not pay plaintiff the $605.97 because defendant was investigating whether plaintiff was billing more hours than she worked. In his oral decision, the judge noted that two of the three amounts that plaintiff claimed were outstanding – $1024.16 and $669.98 – did not match up with any of the checks paid to plaintiff, which were offered into evidence by defendant. However, the judge noted that plaintiff

11

billed defendant for $605.97 on December 24 and on December 27, plaintiff received a check in the amount of $605.97. Thus, the judge determined that plaintiff was not owed for this invoice, which she alleged was still outstanding. But, the judge found that plaintiff proved by a preponderance of the evidence that she was not paid on the other two invoices in the amounts of $1024.16 and $669.97. The judge reasoned, "[t]here's no evidence of any of those payments." He therefore awarded plaintiff a total of $1694.14.

To the extent that we have not addressed all of the parties' arguments, we conclude that they lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E). We add these brief remarks. Although defendant argues that the parties are required to arbitrate in St. Louis, Missouri, the judge believed plaintiff that she never saw or executed such an agreement. And we flatly reject defendant's arguments that the judge's discretionary rulings denied it due process.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3650-17T4